**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**JEFFREY JOHNSON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:13CV-14-R**

**MURRAY STATE UNIVERSITY *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

*Pro Se* Plaintiff, Jeffrey Johnson, proceeding *in forma pauperis* has filed a complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff states the grounds for filing this action as follows: "Americans w/Disabilities Act, Discrimination Denial of Educational Materail in Federal Funded programs tortuous Acts, Harrassment, Sexual Harressment & Pain & Suffering caused by listed Civil Rights Violations." As Defendants, he names Murray State University, as well as, "Randy Dunn Murray State University President Velvet Wilson Disability Services Nancy Philips teacher Camisha Duffy Equal Oppertunity Janet Harper Financal Aid Debra Shepard Financial Aid Cheryl Son Vocational Rehab Steve leach Wellness Center Aden Murray library Tracy Roberts Registration Boyd Baxter Student Stacy Johnson Student." He seeks monetary damages in this action.

The Plaintiff sets forth the facts upon which he basis this action as follows:

> The biggest change in my life has been made by the conduct of the faculty and some of the students and tutors. The way they conduct them self's in are school Murray State University. I can't believe it I've never saw this level of discrimination and violation of any ones civil rights before exspecley against someone with a learning disability. Who went to every place in are school Murray State University asking no begging for help.

> Not just one avenue but every single department whose goal is supposed to be to help a new student with a learning disability. But this school to intentionally make it Murray State University policy to violate people's civil rights with sexual harassment, discrimination and denial of federal benefits to a disabled person. Denial of educational materials in federal funded programs seams is part of this school's curriculum. These experiences have scared me to say the least. I'm unsure any monetary amount could ever right the wrong that has been done.
>
> I can't help but to wonder how many other disabled people have suffered this same violation of their rights. I find it unbelievable that the mentally disabled bill of rights would intentionally be violated causing pain and suffering. Its unbelievable Murray State University faculty would conduct them self's in this manner. The harassment and intimidation of any person is unacceptable but to do this to someone with a learning disability and cannot help it is unacceptable.
>
> No matter a person's age, race, color or disability a person has the right to be free from discrimination and harassment in federally funded programs. Unless I'm mistaken Murray State University and other schools who are being represented on this campus are and have been violating my civil rights and will be held liable for the damages. This school is responsible for failure to protect a disabled student from tortuous acts on Murray State University campus and in its programs and its activities.
>
> I mean what kind of teachers tell a student with a learning disability the second or third week of school their going to fail and tell me they are going to intentionally make the situation more difficult. It's my understanding that it's unlawful in federally funded programs for Murray State University and its faculty to deny garneted equal access to educational benefits and educational material.

There is a letter attached to the complaint. The letter is addressed to President Obama, Secretary Panetta, Attorney General "Holden," and Assistant Attorney General Thomas Perez. In the letter, Plaintiff states as follows:

> Concerning the matter of illegal surveillance, targeting and torture of innocent Americans witch is continued and ongoing, it is my intention to file a federal lawsuit, I believe that various causes of action exist both civil and /criminal witch include but are not limited to; conspiracy/collusion, fraud, discrimination, denial of rights, negligence, and violation of American with disabilities Act.
>
> The way employs conduct them self's at Murray State University is unbelievable and vie never saw this level of discrimination and violation of any ones civil rights before especially against someone with a learning disability. But IT seams Murray State

> University policy is to violate peoples civil rights with discrimination and denial of federal benefits a person with a disability. Denial of education materials in federal funded programs it seems is part of Murray State University curriculum. I cannot help but wonder how many other disabled people have suffered the same violation of their rights. I find it unbelievable that mentally disabled bill of rights would intentionally be violated causing pain and suffering. That Murray State University facility would conduct them self's in that way. The harassment and intimidation of any person is unacceptable but to do this to someone with a disability is unacceptable. Everyone regardless of a person's age, race, color or disability a person has the right to be free from discrimination and harassment in federal funded programs. Murray State University is responsible for failure to protect a student with a disability from tortuous acts on Murray State University campus and in its programs and activities.

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys

> involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard required by Rule 8(a)(2). Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants are liable for any alleged misconduct. Plaintiff fails to set forth any facts in his complaint. He makes only general, broad and conclusory statements. He does not state what alleged wrongful actions were taken against him or connect what allegedly happened to any Defendant. Plaintiff's complaint contains nothing "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Further, the "legal conclusions . . . [he] makes need not be accepted as true." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 ("courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's allegations meet this standard for dismissal.

## IV. CONCLUSION

Having failed to state a claim upon which relief may be granted and because this Court lacks subject matter jurisdiction, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(1).

Date: June 10, 2013

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4413.003